HOUSTON OIL CO. OF TEXAS et al. v. STATE OF TEXAS et al.

(Circuit Court of Appeals, Fifth Circuit. March 28, 1918. Rehearing Denied April 16, 1918.)

No. 3103.

1. JUDGMENT ⬤⟳724—CONCLUSIVENESS—MATTERS CONCLUDED.

In a suit by an oil company and its receiver against a lumber company, the title of the oil company to certain timber lands was adjudged superior, and the lumber company was directed to pay over a fund collected

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to represent timber cut. Thereafter, in a suit to which the lumber company was not a party, the title of the state to the timber lands was adjudged superior to that of the oil company on ground of fraud in acquisition of land. *Held,* that such judgment was a conclusive adjudication entitling the state to the fund representing the timber cut.

2. JUDGMENT ⬤739—CONCLUSIVENESS—MATTERS CONCLUDED.

In such case, as the lumber company was not a party to the suit by the state against the oil company, the fact that no judgment for timber cut was rendered against the lumber company does not make the judgment in favor of the state an adjudication against its right to recover the value of the timber cut; the oil company having recovered the fund representing such timber.

3. MONEY PAID ⬤1—VOLUNTEERS.

Where appellants recovered a fund representing timber cut from land to which the state had the superior title, appellants are not entitled to any credit for recovery of such fund; the expenditures having been made voluntarily.

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Suit by the Houston Oil Company of Texas and its receiver against the Thompson & Ford Lumber Company, in which the State of Texas filed an ancillary bill. From a judgment for the State, the Houston Oil Company of Texas and its receiver appeal. Affirmed.

H. O. Head, of Sherman, Tex., and T. M. Kennerly, of Houston, Tex. (Peveril O. Settle, of Houston, Tex., Head, Dillard, Maxey & Head, of Sherman, Tex., and Kennerly, Williams, Lee & Hill, of Houston, Tex., on the brief), for appellants.

William A. Vinson, of Houston, Tex., B. F. Looney, Atty. Gen. and G. B. Smedley, Asst. Atty. Gen., for appellees.

Before WALKER and BATTS, Circuit Judges, and NEWMAN, District Judge.

BATTS, Circuit Judge. The controversy between the state of Texas and the Houston Oil Company of Texas, is over a fund paid into court as the adjudged value of certain timber taken by the Thompson & Ford Lumber Company from the Dick Walker survey in Hardin county, Tex.

The land, belonging to the common school fund of the state, was sold under a statute which required "settlement" on the land, that the applicant should not be acting in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person should be interested in the purchase. The law authorized the transfer to other eligible persons who would become settlers and assume the obligations of the original purchaser as to the unpaid purchase price. F. M. Wells, who was substituted as the purchaser, executed a deed to P. C. Votaw. P. C. Votaw conveyed to John T. Smith, to whom a patent was issued.

After the conveyance to P. C. Votaw two claims to the timber arose, one of the Thompson & Ford Lumber Company, the other of the Hous-

ton Oil Company of Texas. Subsequently the state of Texas asserted title to the land, including the timber. The Thompson & Ford Lumber Company claimed the timber under transfers from the patentee Smith. The claim of the Houston Oil Company was under a conveyance of the timber by C. M. Votaw to the Kirby Lumber Company; C. M. Votaw claiming that he was the owner of the land and timber, and that P. C. Votaw merely held title for him. The state of Texas claimed both the land and timber, asserting that there was a collusive agreement between F. M. Wells, the substitute purchaser, and C. M. Votaw, by which, in violation of the law under which the sale was made, both became interested in the land, which entitled the state to cancel the patent and repossess the land and timber. The Thompson & Ford Lumber Company removed from the land 1,150,532 feet of pine timber. At the time a suit was pending in the United States District Court, brought by the Houston Oil Company of Texas and its receiver, against the Thompson & Ford Lumber Company, by intervention in the receivership of the Houston Oil Company of Texas, to recover about 15,000 acres of land, including the Dick Walker survey. After the removal of the timber the pleadings were amended to include a demand for the value of the timber cut. Judgment was rendered in favor of the plaintiffs for $5,752.62; the value of the timber taken at $5 per 1,000 feet. The recovery was based upon proof of the allegation of the Houston Oil Company that the conveyance to P. C. Votaw, under whom Smith and the defendant held, was in trust for C. M. Votaw, under whom plaintiff held, and that defendant was affected with notice. This judgment on appeal to this court was affirmed (223 Fed. 1000, 139 C. C. A. 376).

On December 27, 1912, the state of Texas filed a suit in the district court of Travis county against the Houston Oil Company, the Kirby Lumber Company, the Maryland Trust Company, and others (neither John T. Smith nor the Thompson & Ford Lumber Company being a party) for a number of tracts of land, one of which was the Walker survey. In the petition it was alleged that the defendants had "cut and unlawfully taken from said land valuable timber," and, by an amendment, that the defendants, prior to the issuance of an injunction therein, had been cutting and removing timber from the land. It was alleged that the injunction issued had been so modified as to allow the defendant, the Houston Oil Company to cut timber from certain of the land, the money from the sale to be deposited in bank to await the result of the suit, and to be paid to plaintiff if it recovered judgment for the land. The plaintiff prayed for judgment for title to all the land sued for, and for its damages, and that defendants be required to pay for all the timber cut. Judgment was rendered for the defendants as to all the land except the Walker survey. As to this survey, it was adjudged:

That the state of Texas "do have and recover from defendants the title and possession * * * of the land known as the Dick Walker survey No. 2, certificate No. 668, patented by the state of Texas to John T. Smith, * * * and that the state have its writ of possession therefor as against said defendants."

Judgment was then against the state for the other tracts of land; and, after a description in the judgment of land which did not include the Walker survey, it was decreed:

That plaintiff "take nothing by this suit as against either, any or all of the defendants, either upon its claim for damages for timber cut or taken from the lands or any of them hereinbefore described, * * * and that as to each * * * of said claims the said defendants each and all be and they are hereby discharged hence without day."

In the findings upon which the Travis county judgment was based were the following:

(4) It does not appear from the facts of the case that the defendants or any of the defendants hold section 2, survey 668, Dick Walker, grantee, situated in Hardin county, through any regular chain of title or by any deed of conveyance whatever. It further appears from the pleadings of the defendants that they have not disclaimed as to said section. It further appears that the patentee of said section is not a party to this suit. I therefore conclude:

(a) That the facts as set out in paragraph XXXI of the findings of fact are such as will authorize the state to cancel the patent and recover the title to said section as against all parties having notice or charged with notice of the collusive agreement set out in said findings of fact.

(b) That the patentee of said section not being a party to the suit, and it not affirmatively appearing that the defendants hold under any chain of title from the patentee, the state is not authorized in this suit to a judgment canceling the patent to said section.

(c) That under the facts of this case with reference to said section of land the burden rested upon the defendant, the Houston Oil Company of Texas, to show that it had no notice of the collusive agreement between said Weils and Votaw, and the defendant having failed to discharge such burden, it will be presumed to have had notice of such collusive agreement.

(d) That the state is entitled to recover against the defendants in this suit whatever right, title, or interest they may own in and to said section.

[1] After the affirmance of the judgment in the case of Houston Oil Company of Texas and its receiver against Thompson & Ford Lumber Company, the state of Texas filed therein an ancillary bill claiming the $5,752.62 (the value of the timber cut from the Walker survey, for which judgment had been rendered against the Thompson & Ford Lumber Company), with interest, the total amounting at the time to $6,605.97. This amount was placed in the registry of the court to be paid to the party found entitled to it. On a trial a decree was rendered by the District Judge awarding the fund to the state of Texas. From this judgment the appeal is taken.

Upon the trial the pertinent parts of the pleadings, findings, and judgment in the Travis county case were introduced in evidence. It was agreed that in the case of Receiver v. Thompson & Ford Lumber Company it had been claimed and proved that P. C. Votaw and John T. Smith held the survey in trust for C. M. Votaw, and that the title of C. M. Votaw to the timber had passed to the Houston Oil Company. It was agreed that the claim of the Thompson & Ford Lumber Company had been adverse to the title of the Houston Oil Company.

The judgment rendered in the case of Houston Oil Company v. Thompson & Ford Lumber Company determined the superiority of the title of the Houston Oil Company to that of the lumber company

to the timber on the Walker survey. The judgment rendered in the district court of Travis county determined the superiority of the title of the state of Texas to that of the Houston Oil Company, both to the timber and the land. John T. Smith was not a party to the Travis county suit, and the patent to him has not been canceled. The Houston Oil Company, however, is not in position either to claim rights under that patent or to set up that there is an outstanding title. There is a conclusive judgment in favor of the state against it for the land. While the patent to the land has not been canceled, and no judgment has been rendered against the patentee for the land, either in favor of the state or any one else, the facts relied upon by the Houston Oil Company to recover against the Thompson & Ford Lumber Company, and upon which its judgment was based, negative the title of the patentee to the land, and the claim to the timber which he once asserted, and which was acquired by the Thompson & Ford Lumber Company, has been adjudged invalid. No one claims the timber except the state of Texas and the Houston Oil Company. The effect of the suit against the Thompson & Ford Lumber Company was not to vest a new title in the Houston Oil Company, but to adjudicate that the title asserted by the lumber company against the Oil Company was not good. The judgment of the state of Texas against the Houston Oil Company was predicated upon fraud in the acquisition of the land by the purchaser under whom the company claimed; and recovery under the allegations, and evidence and legal presumptions sustaining the allegations, carried with it, not alone title to the land, but, as well, the right as against the Houston Oil Company to recover the timber and any available proceeds of timber. The judgment, in so far as the Houston Oil Company is concerned, is conclusive as to any right that it might have had arising from any source whatever.

[2] The appellant contends that the Travis county judgment is an adjudication against the rights of the state with reference to the timber on the Walker survey. The Thompson & Ford Lumber Company was not a party to that suit. Judgment was asked for the value of the timber taken by the defendants. No judgment was asked, and none could have been properly asked, for timber other than that taken by the defendants. No recovery could have been had against the Houston Oil Company for timber cut by the Thompson & Ford Lumber Company from the Walker survey. The timber had not been taken by virtue of any right under which the oil company claimed, but under claims antagonistic to those of the oil company. The oil company did not at the time have in its possession the proceeds of any timber cut from the land. The value of the timber taken by the Thompson & Ford Lumber Company was not sued for in that case, and was not, incidentally or otherwise, considered therein. Appellants' plea of res adjudicata cannot be sustained.

[3] The appellants insist that the market value of the timber was not more than $2.50 or $5 per thousand, and that the recovery of the state should be, in any event, limited to this value. A fund has been created by the payment by Thompson & Ford Lumber Company to take the place of the timber cut by them. The state owned the timber, and is

entitled to the fund. Appellants claim a credit for expenses incurred in recovering the fund. The state cannot be bound by expenditures voluntarily made in its behalf, or incidentally resulting in its benefit, in the absence of a law authorizing the expenditures.

The judgment is affirmed.